UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JONATHAN CRUZ, | 1: 05-cv-0245 OWW WMW HC |
| Petitioner, | |
| | FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| SGT. SULLIVAN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**BACKGROUND**

Petitioner was convicted, following a jury trial in Kern County Superior Court, of one count of murder, with an enhancement for the use of a deadly weapon. Petitioner filed a direct appeal to the California Court of Appeal, Third Appellate District. The Court of Appeal affirmed Petitioner's conviction and sentence.

//

//

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on February 16, 2005, after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28

1 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
2 Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120
3 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court
4 concludes in its independent judgment that the relevant state-court decision applied clearly
5 established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather,
6 that application must be objectively unreasonable." Id. (citations omitted).

7   While habeas corpus relief is an important instrument to assure that individuals are
8 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
9 Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
10 conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
11 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual
12 determinations must be presumed correct, and the federal court must accept all factual findings made
13 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
14 convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
15 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
16 1388 (9th Cir. 1997).

17   **DISCUSSION**

18   In this petition, Petitioner alleges that the trial court violated his rights pursuant to the First,
19 Sixth, and Fourteenth Amendments by denying his Batson/Wheeler motion during jury selection. It
20 is undisputed that Petitioner did not present this claim, or any other claims pertaining to this case, to
21 the California Supreme Court.

22   A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
23 petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
24 exhaustion doctrine is based on comity to the state court and gives the state court the initial
25 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
26 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,
27 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

28   A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In this case, Petitioner did not raise his claims from the present case before the California Supreme Court  The court must dismiss a petition that contains only unexhausted claims. 28 U.S.C. § 2254(b)(1); see Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No 104-132, 110 Stat. 1214. Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C). The court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). In this case, Respondent has not waived exhaustion. In addition, California provides avenues for Petitioner to pursue state claims.  For example, these claims could have been presented in a petition for writ of habeas corpus. See, Cal.

1  Penal Code §§ 1473 - 1475.  Finally, there are not sufficient circumstances in this case for the court
2  to ignore the United States Supreme Court's admonishment that comity demands exhaustion and
3  find that California's corrective processes are ineffective to protect Petitioner's rights.
4      The petition for writ of habeas corpus currently before this court contains only unexhausted
5  claims.  As such, the petition must be dismissed.  28 U.S.C. § 2254(b)(1); see, Rose, 455 U.S. at 521-
6  22, 102 S.Ct. at 1205; Gordon, 107 F.3d at 760; Guizar 843 F.2d at 372.
7      Accordingly, the court HEREBY RECOMMENDS that the petition be dismissed for failure
8  to exhaust state judicial remedies and that the Clerk of the Court be directed to enter judgment for
9  Respondent and to close this case.
10      These Findings and Recommendation are submitted to the assigned United States District
11  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the
12  Local Rules of Practice for the United States District Court, Eastern District of California.  Within
13  thirty (30) days after being served with a copy, any party may file written objections with the court
14  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
15  Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within
16  ten (10) court days (plus three days if served by mail) after service of the objections.  The court will
17  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
18  advised that failure to file objections within the specified time may waive the right to appeal the
19  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20  IT IS SO ORDERED.
21  Dated:     November 30, 2007            /s/  William M. Wunderlich
                                           UNITED STATES MAGISTRATE JUDGE
22
23
24
25
26
27
28